# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**FREDRICK J. BARTON**
**#163889**                                                                                               **PLAINTIFF**

**V.**                              **NO. 4:23-cv-00727-DPM-ERE**

**DORVOR**                                                                                                 **DEFENDANT**

## ORDER

Plaintiff Frederick J. Barton, a pre-trial detainee at the Pulaski County Detention Facility ("Detention Facility"), filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Barton alleges that Deputy Dorvor retaliated against him for exercising his First Amendment rights.

As explained below, in its current form, it is unclear whether Mr. Barton's complaint states a plausible constitutional claim that would survive screening. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, rather than screen the complaint and recommend dismissal, the Court will postpone the

screening process[1] to allow Mr. Barton, if he chooses, to file an amended complaint clarifying his constitutional claims.

1.     **Deficiencies in Complaint:**

Mr. Barton's complaint alleges that Deputy Dorvor retaliated against him by denying his kosher trays after he "took-up for" a mentally ill inmate that Deputy Dorvor was allegedly harassing. *Doc. 2 at 4*. Mr. Barton seeks monetary and injunctive relief and sues Deputy Dorvor in both his individual and official capacity.[2]

To state a retaliation claim, Mr. Barton must allege that: (1) he engaged in constitutionally protected activity; (2) Deputy Dorvor took adverse action against

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft*, 556 U.S. at 678; *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] Mr. Barton's claims against Deputy Dorvor in his official capacity are treated as claims against Pulaski County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). In this § 1983 action, a county cannot be held vicariously liable for the actions of its employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. Rather, a county can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633. Mr. Barton's complaint fails to allege that he suffered any constitutional injury as the result of Pulaski County's custom or policy. As a result, he has failed to state a plausible constitutional claim for relief against Defendant Dorvor in his official capacity.

him that would chill a prisoner of ordinary firmness from engaging in that activity; and (3) a causal connection exists between the Deputy Dorvor's retaliatory motive and the adverse action. *De Rossitte v. Correct Care Sols., LLC.*, 22 F.4th 796, 804 (8th Cir. 2022); *Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013); *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019).

To establish a causal connection between his protected speech and the adverse action, Mr. Barton must allege facts to show "that the protected activity was a 'but-for cause' of the adverse action, meaning that the adverse action against [him] would not have been taken absent a retaliatory motive." *De Rossitte*, 22 F.4th at 804 (citation and quotation omitted). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances."). As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . merely by filing [lawsuits] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

The current complaint fails to allege sufficient facts to allow the Court to find

that Mr. Barton has stated a plausible claim of unconstitutional retaliation. Specifically, the complaint fails to allege facts to show that Mr. Barton engaged in any constitutionally protected activity.

**2.     Guidelines for Filing Amended Complaint:**

Mr. Barton has thirty days to file an amended complaint. If Mr. Barton files an amended complaint, he should explain how he "took-up for" the other inmate on the date in question by specifically describing the verbal exchange that he had with Deputy Dorvor.

Mr. Barton's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Barton should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit.

Finally, Mr. Barton need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

**3.   Conclusion:**

IT IS THEREFORE ORDERED THAT:

1.   Mr. Barton may file an amended complaint within thirty (30) days of the entry of this Order.

2.   If Mr. Barton fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of this case.

3.   The Clerk is instructed to provide Mr. Barton, along with this Order, a blank 42 U.S.C. § 1983 complaint form.

So Ordered 8 August 2023.

_____
UNITED STATES MAGISTRATE JUDGE